**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BAY VILLAGE OF SARASOTA,**
**INC.,**

      **Plaintiff,**

**v.**                                **Case No.  8:11-cv-1594-T-30TGW**

**SALLY K. SUNDAY,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 5) and Defendant's Response in opposition (Dkt. 12).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On June 14, 2011, Plaintiff Bay Village of Sarasota, Inc. ("Bay Village") filed this action in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, against Defendant Sally K. Sunday based on alleged false, scandalous, and defamatory publications made by Sunday about Bay Village.  The complaint alleges that Sunday was unhappy that her parents left Bay Village, a retirement community, and proceeded to publish false, scandalous, and defamatory statements about Bay Village via the internet, U.S. Mail, and telephone.  The complaint seeks damages and injunctive relief against Sunday.  The

damages demand is not specific and merely states that "damages exceed[] $15,000," which is the statutory minimum required to establish jurisdiction in the state circuit court.

On July 18, 2011, Sunday filed a timely notice of removal and the state court action was removed to this Court. Sunday's notice of removal states only that "it is reasonably probable and anticipated that Plaintiff is seeking in excess of $75,000." (Dkt. 1).

On July 21, 2011, Bay Village filed a motion to remand this case to the state circuit court. Bay Village argues that its damages are unlikely to exceed $75,000. Although Bay Village states that Sunday's alleged actions damaged Bay Village's good will and reputation, Bay Village contends that its damages are not $75,000. And Bay Village argues that Sunday cannot meet her burden of establishing by a preponderance of the evidence that it is more likely than not that the value of an injunction against Sunday to prevent further damage to Bay Village will exceed $75,000. (Dkt. 5).

On August 6, 2011, Sunday filed a response in opposition to Bay Village's motion to remand. Sunday relies on her declaration as support of the jurisdictional amount. Specifically, Sunday focuses on the fact that Bay Village's revenues are derived from entrance fees and monthly fees paid by the residents. And that entrance fees paid by each resident typically exceed $90,000, and additional maintenance fees paid by each resident typically exceed $10,000 annually. (Dkt. 12).

The Court concludes that the amount of controversy is not apparent from the face of the complaint and Sunday's analysis of Bay Village's damages is speculative.

## DISCUSSION

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court pursuant to the first paragraph of § 1446(b), i.e., within the first thirty days after service, is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover,

district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770.  "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

 Applying the recent guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant's notice of removal and documents relied upon in support of same, in light of the damages Bay Village seeks in the complaint, fail to adequately demonstrate that the amount in controversy more than likely exceeds $75,000 by a preponderance of the evidence. Sunday's declaration focuses on the fees Bay Village charges its residents.  However, there are no allegations in Bay Village's complaint suggesting that Bay Village is seeking these types of damages.  Indeed, Bay Village does not allege anywhere in its complaint that it lost any potential customers/residents.  If it had, the Court might apply its common sense and reason that even one lost resident could equate to damages that exceed $75,000.

 As Bay Village states in its motion to remand, this case centers on Bay Village's desire to obtain an injunction against Sunday to prevent her from making further disparaging comments about Bay Village.  Sunday has pointed to no evidence establishing that the value of an injunction against her would more likely than not exceed $75,000.  In fact, although the Court makes no conclusions on Bay Village's damages, including the value of any injunction against Sunday, the Court would be surprised if Bay Village's damages exceed $75,000 in this case.  Thus, even applying common sense, the Court cannot reasonably

deduce from the evidence that the jurisdictional amount is satisfied in this case.  Accordingly,

Plaintiff's motion to remand must be granted.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff's Motion to Remand (Dkt. 5) is GRANTED.

2.     The CLERK is directed to close this case and terminate any pending motions

as moot.

3.     The CLERK is directed to remand this case to the Circuit Court of the Twelfth

Judicial Circuit in and for Sarasota County, Florida.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1594.mtremand5.frm